## ILLINOIS CENTRAL RAILROAD COMPANY

### v.

### DAVID MESSNARD.

EVIDENCE—HUSBAND AND WIFE.—Where appellee sued appellant for wages, and the defense was payment to appellee's wife upon appellee's written order, and the wife and a friend testified to a letter being sent asking for such order, and the receipt of a letter and the order in reply, and appellee, who was illiterate and could not write, claimed that the order was forged. *Held*, that the evidence was sufficient to warrant the introduction of the paper to the jury, they to determine upon all the proof, whether it was authentic or not; that the contents of the letters were not competent, but it was proper to show, by the friend at least, that the letter was sent by the wife, asking for the order, and that the reply came, inclosing it as stated.

APPEAL from the Circuit Court of Effingham county; the Hon. WM. C. JONES, Judge, presiding. Opinion filed October 10, 1884.

Mr. R. C. HARRAH, for appellant; that the letter should have been admitted in evidence, cited 1 Greenleaf on Evidence, § 573 a; Overston v. Wilson, 2 C. & K. 1; 4 Jacob's Fisher's Digest, 4954.

Mr. JOHN C. WHITE, for appellee.

WALL, J. The appellee sued appellant to recover a sum due him for his wages, as a laborer on appellant's track.

The defense was that the amount had been paid to the wife of the appellee upon a written order given by the appellee.

There was evidence tending to show that after the work in question had been done, the appellee left his wife in a destitute condition and went away without informing her or any one else where he was going. After he had been gone some weeks, his wife, hearing that he was with his relatives in Effingham county, wrote him a letter dated Nov. 9, 1883, mailed it at Neoga addressed to him at Watson, in which she requested him to send her an order to draw his pay from the railroad company, and on the 16th of the same month she received through the mail a letter professing to come from the appellee, dated the 13th, inclosing the order as requested.

When the pay car came on the 19th, she was introduced by the station agent at Neoga to the paymaster, as the wife of appellee, presented the order and received the money due him.

When the pay car afterward reached Watson, the appellee appeared and asked for the money. He was informed by the paymaster that it had been paid to his wife, at Neoga, and the evidence tends to show that he assented to it, and said, " Yes, that is all right," though there is conflict as to what he did say, he denying that he made this statement.

The appellee is an illiterate man, can not write, and there is testimony not necessary to recite as to whether he could

have had the aid of others in reference to the alleged correspondence. The fact of the mailing and receipt of the letter and reply, as above shown, is established by the testimony of the wife and of one Mrs. Chambers, with whom she was then living.

The trial court refused to permit this order to be read to the jury. In this we think there was error. Whether the order was genuine and sent, as it and the letter purported, by the appellee, was the main question, and though there was no conclusive proof on this point, there certainly was enough to warrant the introduction of the paper in evidence, leaving it for the jury to determine upon all the proof whether it was authentic or not. Greenleaf on Ev., Vol. 1, Sec. 573 a.

Indeed this question seems to have been submitted by the instructions, but the exclusion of the order must have had a great, if not a controlling influence, and tended strongly to the prejudice of the appellant.

The contents of the letters between the husband and wife were not competent, but it was proper to show by Mrs. Chambers at least, that the letter was sent by the wife asking for the order, and that the reply came inclosing it as stated. Where, in any transaction, the wife acts as the agent of her husband, she is a competent witness for or against him as to that transaction. R. S. Ch. 51, Sec. 5. But how far she may testify to matters establishing the agency where they involve communications between them is not important in this case to decide, as the facts necessary to admit the order are shown by the witness, Mrs. Chambers.

Exceptions are urged to certain instructions given on behalf of appellee, but we find nothing seriously objectionable in this respect.

For the error in refusing to admit the order in evidence, the judgment is reversed and the cause remanded.

Reversed and remanded.